PREET BHARARA
United States Attorney for the
Southern District of New York
By: CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

NATIONAL DAY LABORER ORGANIZING   :
NETWORK; CENTER FOR CONSTITUTIONAL  :
RIGHTS; and IMMIGRATION JUSTICE    :
CLINIC OF THE BENJAMIN N. CARDOZO  :
SCHOOL OF LAW,                        :
                                     :
                Plaintiffs.      :
                                     :    No. 10 Civ. 3488 (SAS)
                                     :
              v.                :    **ANSWER**
                                     :
                                     :
UNITED STATES IMMIGRATION         :
AND CUSTOMS ENFORCEMENT AGENCY;  :
UNITED STATES DEPARTMENT OF      :
HOMELAND SECURITY; EXECUTIVE     :
OFFICE FOR IMMIGRATION REVIEW;   :
FEDERAL BUREAU OF INVESTIGATION;  :
and OFFICE OF LEGAL COUNSEL,     :
                                     :
                 Defendants.    :

------------------------------------------------------------ x

      Defendants United States Immigration and Customs Enforcement ("ICE"), United

States Department of Homeland Security ("DHS"), Executive Office for Immigration Review

("EOIR"), Federal Bureau of Investigation ("FBI"), and Office of Legal Counsel ("OLC"), by

their attorney Preet Bharara, United States Attorney for the Southern District of New York,

answer the Complaint on information and belief as follows:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs bring this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., but otherwise deny the allegations contained in this paragraph and deny that Plaintiffs are entitled to the relief they seek.

2.      Paragraph 2 consists of Plaintiffs' characterization of the relief they seek, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph and deny that Plaintiffs are entitled to the relief they seek.

3.      Paragraph 3 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

4.      Paragraph 4 consists of Plaintiffs' characterization of the press release cited in footnote 1, to which no response is required.  To the extent a response is required, the press release speaks for itself, and Defendants respectfully refer the Court to the text of the press release for a true and complete statement of its contents.

5.      Paragraph 5 consists of Plaintiffs' characterization of the public information available regarding Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

6.       Paragraph 6 consists of Plaintiffs characterization of this action, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

7.     Defendants admit that they received FOIA requests ("Plaintiffs' Requests") from Plaintiffs dated February 3, 2010.  The remainder of paragraph 7 consists of Plaintiffs' characterization of the types of information sought in Plaintiffs' Requests, to which no response is required.  To the extent a response is required, Plaintiffs' Requests speak for themselves, and Defendants respectfully refer the Court to those requests for a true and complete statement of their contents.

8.     Defendants admit that they did not produce any records in response to Plaintiffs' Requests within the statutory time frame, but otherwise deny the allegations in paragraph 8.

9.     Paragraph 9 consists of Plaintiffs' characterization of the relief they seek, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph and deny that Plaintiffs are entitled to the relief they seek.

## JURISDICTION AND VENUE

10.    The allegations contained in paragraph 10 are statements of jurisdiction and conclusions of law to which no response is required.

11.    The allegations contained in paragraph 11 are statements of jurisdiction and conclusions of law to which no response is required.

## PARTIES

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

3

15.   Defendants admit the allegations in paragraph 15, except deny that ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

16.   Defendants admit the allegations in paragraph 16, except deny that Defendants EOIR, FBI, and OLC are agencies within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

17.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.   Paragraph 18 consists of Plaintiffs' characterization of the public information available regarding Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

19.   Paragraph 19 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

20.   Defendants deny the allegations in paragraph 20, except admit that local law enforcement officials perform fingerprint screenings after arrests and submit the fingerprints to the FBI's Integrated Automated Fingerprint Identification System ("IAFIS").

21.   The first and second sentences of paragraph 21 consist of Plaintiffs' characterizations of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in these sentences.  The third sentence of paragraph 21 consists of Plaintiffs' characterization of a quotation from a report by the Department of Justice Office of the Inspector General cited in footnote 3, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the text of the report for a true and complete statement of its contents.

22.   Paragraph 22 contains Plaintiffs' characterization of the press release cited in footnote 4, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the text of the press release for a true and complete statement of its contents.

23.   Paragraph 23 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

24.   Paragraph 24 contains Plaintiffs' characterization of news articles cited in footnote 5, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the text of the news articles for a true and complete statement of their contents.

25.   Paragraph 25 consists of legal arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

26.   Paragraph 26 contains Plaintiffs' characterization of the Secure Communities Standard Operating Procedures cited in footnote 6, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the text of the Secure Communities Standard Operating Procedures for a true and complete statement of its contents.

27.   The first sentence of paragraph 27 consists of Plaintiffs' characterization of the Secure Communities Operating Procedures cited in footnote 7, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the text of the Secure Communities Standard Operating Procedures for a true and complete statement of its contents.  The second sentence of paragraph 27 consists of

Plaintiffs' characterization of the cited regulation, to which no response is required.  To the extent a response is required, the cited regulation speaks for itself, and Defendants respectfully refer the Court to the text of the regulation for a true and complete statement of its contents.

28.     Paragraph 28 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

29.     The first sentence of paragraph 29 consists of Plaintiffs' characterization of a quotation from the Secure Communities Fact Sheet cited in footnote 8, to which no response is required. To the extent a response is required, Defendants deny the allegation in this sentence and respectfully refer the Court to the Secure Communities Fact Sheet for a true and complete statement of its contents.  The second sentence of paragraph 29 consists of Plaintiffs' characterization of the Secure Communities Standard Operating Procedures cited in footnote 9, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the text of the Secure Communities Standard Operating Procedures for a true and complete statement of its contents.

30.     The first sentence of paragraph 30 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence.  The second sentence of paragraph 30 consists of Plaintiffs' characterization of the press release cited in footnote 10, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the text of the press release for a true and complete statement of its contents.

31.    Paragraph 31 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

32.    Paragraph 32 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

33.    Paragraph 33 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

34.    The first sentence of paragraph 34 consists of Plaintiffs' characterization of quotations from the Secure Communities Fact Sheet cited in footnote 11, to which no response is required. To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the text of the Secure Communities Fact Sheet for a true and complete statement of its contents.  The second sentence of paragraph 34 consists of Plaintiffs' characterization of the news article cited in footnote 12, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the newspaper article for a true and complete statement of its contents.

35.    Paragraph 35 consists of Plaintiffs' characterization of ICE's detention and removal system and their characterization of the reports cited in footnote 13, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the reports cited in footnote 13 for a true and complete statement of their contents.

36.   Paragraph 36 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

37.   Paragraph 37 consists of legal arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

38.   Paragraph 38 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

39.   Paragraph 39 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

40.   Paragraph 40 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

41.   The first sentence of paragraph 41 consists of Plaintiffs' characterization of the news articles cited in footnote 17, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the news articles for a true and correct statement of their contents.  The second sentence of paragraph 42 consists of Plaintiffs' characterization of the documents cited in footnote 18, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this sentence and respectfully refer the Court to the cited documents for a true and complete statement of their contents.

42.    Paragraph 42 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

43.    Paragraph 43 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

44.    Paragraph 44 consists of Plaintiffs' characterizations of the documents cited in footnotes 19, 20, and 21, to which no response is required.  To the extent a response is required, the documents speak for themselves, and Defendants respectfully refer the Court to the cited documents for a true and complete statement of their contents.

45.    Paragraph 45 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants admit that ICE signs Memoranda of Agreement with State Identification Bureaus, and otherwise deny the allegations in this paragraph.

46.    Paragraph 46 consists of legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

47.    Paragraph 47 consists of legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

48.    Paragraph 48 consists of Plaintiffs' characterizations of the documents cited in footnote 24, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and respectfully refer the Court to the cited documents for a true and complete statement of their contents.

49.    Paragraph 49 consists of Plaintiffs' characterization of the Criminal Alien Program ("CAP"), to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

50.    Paragraph 50 consists of Plaintiffs' characterization of 287(g), to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

51.    Paragraph 51 consists of Plaintiffs' characterizations of Secure Communities, CAP and 287(g), to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

52.    The first two sentences of paragraph 52 consist of Plaintiffs' characterizations of Secure Communities, CAP, and 287(g), to which no response is required.  To the extent a response is required, Defendants deny the allegations in these sentences.  The third, fourth, and fifth sentences of paragraph 52 consist of Plaintiffs' characterization of documents and news articles cited in footnotes 29, 30, and 31, to which no response is required.  To the extent a response is required, Defendants deny the allegations in these sentences and respectfully refer the Court to the cited documents and news articles for a true and correct statement of their contents.

53.    Paragraph 53 consists of Plaintiffs' characterizations of Secure Communities and of the instant action, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

54.    Paragraph 54 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

55.    Paragraph 55 consists of legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

56.    Paragraph 56 consists of legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

57.    Paragraph 57 consists of legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

58.    Paragraph 58 consists of Plaintiffs' characterization of Secure Communities, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

59.    Paragraph 59 consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

60.    Defendants admit that they received Plaintiffs' Requests, which were dated February 3, 2010.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.    Paragraph 61 consists of Plaintiffs' characterization of the types of information sought in Plaintiffs' Requests, to which no response is required.  To the extent a response is required, Plaintiffs' Requests speak for themselves, and Defendants respectfully refer the Court to those requests for a true and complete statement of their contents.

62.    Defendants admit that Plaintiffs sought expedited processing of Plaintiffs' Requests.  To the extent this paragraph characterizes Plaintiffs' citation to their "compelling need" for expedited treatment, Plaintiffs' Requests speak for themselves, and the Court is respectfully referred to the requests for a true and complete statement of their contents.

63.    Defendants admit that Plaintiffs sought a waiver of applicable fees in Plaintiffs' Requests.

64.   Defendants admit that they had not produced any records in response to Plaintiffs' Requests as of the date of the Complaint.

65.   As to the first sentence of paragraph 65, Defendants admit that ICE acknowledged receipt of Plaintiffs' Request by letter dated February 19, 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. As to the second sentence, Defendants admit that ICE denied Plaintiffs' fee waiver and expedited processing requests in a letter dated February 23, 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. As to the third sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence, but admit that ICE has not issued a decision on the appeal and aver that any administrative appeal was closed as a result of the filing of the instant Complaint.  As to the fourth sentence, Defendants admit that ICE had not produced any records in response to Plaintiffs' Requests as of the date of the Complaint.

66.   Paragraph 66 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

67.   As to the first sentence of paragraph 67, Defendants admit that DHS acknowledged receipt of Plaintiffs' Request by letter dated February 12, 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. As to the second sentence, Defendants admit that DHS denied Plaintiffs' fee waiver and expedited processing requests in a letter dated March 5, 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. As to the third sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence, but admit that DHS has not issued a

decision on the appeal and aver that any administrative appeal was closed as a result of the filing of the instant Complaint.  As to the fourth sentence, Defendants admit that DHS had not produced any records in response to Plaintiffs' Requests as of the date of the Complaint.

68.    Paragraph 68 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

69.    As to the first sentence of paragraph 69, Defendants admit that EOIR acknowledged receipt of Plaintiffs' Request by letter dated February 19, 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. Defendants admit the allegations contained in the second sentence.

70.    Paragraph 70 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

71.    As to the first sentence of paragraph 71, Defendants admit that the FBI received Plaintiffs' Request on February 4, 2010, but otherwise lack knowledge of information sufficient to form a belief as to the truth of the allegations contained in this sentence.  Defendants admit the allegations contained in the second and third sentences of this paragraph.  As to the fourth sentence in this paragraph, Defendants admit that Plaintiffs appealed the FBI's fee waiver denial in a letter dated March 15, 2010.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence.  Defendants deny the allegations contained in the sixth sentence and aver that receipt of Plaintiffs' fee waiver was acknowledged by the DOJ's Office of Information Policy ("OIP") by letter dated April 2, 2010. As to the seventh sentence, Defendants admit that the FBI has not issued a decision on the appeal and aver that OIP closed the administrative appeal as a result of the filing of the instant Complaint.  Defendants admit the allegations contained in the eighth sentence.

72.   Paragraph 72 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

73.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 73.  Defendants admit the allegations contained in the second and third sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph, but admit that OLC has not issued a decision on the appeal and aver that any administrative appeal was closed as a result of the filing of the instant Complaint. Defendants admit the allegations contained in the fifth sentence.

74.   Paragraph 57 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

75.   Paragraph 75 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any characterization of the cited statutory provision, which speaks for itself, and respectfully refer the Court to the cited provision for a true and complete statement of its contents.

76.   Paragraph 76 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any characterization of the cited statutory provision, which speaks for itself, and respectfully refer the Court to the cited provision for a true and complete statement of its contents.

77.   Paragraph 77 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any characterizations of the cited statutory provision and judicial opinion, which speak for themselves, and respectfully refer the Court to the cited provision and opinion for true and complete statements of their contents.

78.   Paragraph 78 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants further deny any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refer the Court to the cited provisions for true and complete statements of their contents.

79.   Paragraph 79 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

80.   Paragraph 80 consists of conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

81.   Defendants repeat and reincorporate herein their answers to paragraphs 1 through 80 of the Complaint.

82.   Paragraph 82 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants further deny any characterizations of the cited statutory provision, which speaks for itself, and respectfully refer the Court to the cited provision for a true and complete statement of its contents.

## SECOND CLAIM FOR RELIEF

83.   Defendants repeat and reincorporate herein their answers to paragraphs 1 through 82 of the Complaint.

84.   Paragraph 84 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants further deny any characterizations of the cited statutory provision and regulations, which speak

15

for themselves, and respectfully refer the Court to the cited provision and regulations for true and complete statements of their contents.

## THIRD CLAIM FOR RELIEF

85.   Defendants repeat and reincorporate herein their answers to paragraphs 1 through 84 of the Complaint.

86.   Paragraph 86 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants further deny any characterizations of the cited statutory provision and regulations, which speak for themselves, and respectfully refer the Court to the cited provision and regulations for true and complete statements of their contents.

The remainder of the Complaint contains Plaintiffs' Prayer for Relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed in whole or in part for failure to state a claim upon which relief could be granted.

### SECOND DEFENSE

The Complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of Defendants' automated systems.  *See* 5 U.S.C. § 552(a)(3)(C).

<u>THIRD DEFENSE</u>

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

<u>FOURTH DEFENSE</u>

Some or all of the requested documents are exempt from disclosure.  *See* 5 U.S.C. § 552(b).

<u>FIFTH DEFENSE</u>

Plaintiffs are not entitled to a full waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

<u>SIXTH DEFENSE</u>

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

WHEREFORE, Defendants respectfully request that this Court enter judgment dismissing the Complaint in its entirety, and for such other relief as the Court deems proper, including costs and disbursements.

Dated:   New York, New York
         July 1, 2010

                                             Respectfully submitted,

                                             PREET BHARARA
                                             United States Attorney for the
                                             Southern District of New York
                                             *Attorney for Defendants*

                                      By:    ___/s/ Christopher Connolly_____
                                             CHRISTOPHER CONNOLLY
                                             Assistant United States Attorney
                                             86 Chambers Street, 3rd Floor
                                             New York, New York 10007
                                             Telephone: (212) 637-2761
                                             Facsimile:  (212) 637-2786
                                             E-mail: christopher.connolly@usdoj.gov

TO:      Peter L. Markowitz, Esq. (via ECF)
         Cardozo Immigration Justice Clinic
         55 Fifth Avenue, Room 1109
         New York, New York 10003
         *Attorney for Plaintiffs*

         Gitanjali S. Gutierrez, Esq. (via ECF)
         Sunita Patel, Esq. (via ECF)
         Center for Constitutional Rights
         666 Broadway, 7th Floor
         New York, New York 10012
         *Attorneys for Plaintiffs*