UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

NATIONAL DAY LABORER ORGANIZING
   NETWORK, et al.,

        Plaintiffs,

   -v -

UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

        Defendants.

-------------------------------------------------------------------- x

Civil Action No. 10-CV-3488

**DECLARATION
OF DONNA A. LEWIS**

Donna A. Lewis, pursuant to 28 U.S.C. § 1746, declares as follows:

1. This declaration supplements, and hereby incorporates, my prior declaration submitted in this case on January 14, 2011. Reference is also made to the declaration submitted by David J. Palmer on November 12, 2010, and that declaration is hereby incorporated.

2. This declaration is submitted in support of defendants' motion for stay of the Court's February 7, 2011 Order.[1]

3. The statements I make in this declaration are based on my personal knowledge, my review of documents kept in the ordinary course of business, and my review of relevant documents and information provided to me by Department of Homeland Security (DHS) employees in the course of their official duties.

4. DHS has reviewed the Court's February 7, 2011 Order, as well as its February 15, 2011 Supplemental Order, directing that productions made after January 17, 2011 include production of twenty (20) fields of metadata and most other portions of

---

[1] The Court amended its February 7, 2011 Order with its February 15, 2011 Supplemental Order (collectively referred to as "the Court's Orders".)

Plaintiffs' "Proposed Protocol for Production" (Exhibit A to the Court's February 7, 2011 Order).

5.  Our review has resulted in a determination that DHS headquarters' full compliance with the Protocol is not possible by the deadline of February 25, 2011.

6.  We have previously detailed DHS headquarters search efforts in response to Plaintiffs' February 3, 2010 Freedom of Information Act (FOIA) request, and the resulting production of documents from DHS headquarters for release to Plaintiffs on January 17, 2011.

7.  The DHS Privacy Office (DHS Privacy) coordinates and centralizes FOIA operations to provide policy and programmatic oversight, and support implementation across the Department. DHS Privacy also processes FOIA requests directed towards DHS headquarters and some headquarters offices/components.

8.  DHS Privacy does not employ one comprehensive information technology officer or scheme that oversees or manages all information technology systems in the various offices/components of the agency.  As a result, DHS Privacy must work with the various offices/components of the agency to manage the processing and production of documents.  Each office/component maintains its own records separately and the offices/components differ significantly in their information technology resources and platforms, including records management and collection systems software.  Each office/component collects and maintains records in accordance with its own unique program requirements. The role of DHS Privacy is to manage FOIA reviews, redactions, and productions once the DHS office/components have collected documents that may be responsive.

9.  In the instant case, the relevant DHS headquarters offices/components searched for documents responsive to Plaintiffs' initial request that did not seek metadata. None of the DHS headquarters offices/components included metadata in their FOIA search or retrieval in accordance with standard practices and with the request made of them.

10. The information technology available at DHS Privacy and dedicated to the FOIA process is limited solely to the Microsoft Office Suite and Adobe Acrobat software. Redactions are made using Adobe Acrobat Professional. DHS Privacy does not own software platforms such as Concordance or Opticon 3X, or other platforms that can enable high volume processing of metadata.

11. The Court's Orders require that files be produced as single page TIFF files; that all files be named according to Bates Number; that all text be extracted as multi-page .txt files; and that the number of .txt files correspond with the number of TIFF files. DHS Privacy does not currently have the technological capability to produce high volumes of information from DHS headquarters offices/components in TIFF format.

12. To comply with the Court's Orders and to produce the load file containing selected metadata fields, DHS Privacy will require additional technology support services and software that can produce load files in a form compatible with Concordance or Opticon 3X, the two software platforms referenced in Section D of the Protocol. DHS Privacy has neither Concordance, Opticon 3X nor any other platform that can produce load files compatible Corcordance or Opticon 3X.

13. Additionally, the load file as an executable file contains information that would be subject to FOIA exemptions. DHS Privacy would have to identify how to apply redactions to the .dat load file in order that DHS headquarters offices/components

can produce documents without releasing exempt information, which could include personal privacy information belonging to agency employees and third parties exempt under FOIA exemption 6 and internal agency information of a sensitive nature exempt under FOIA exemption 2.

14. An examination of the information that is being processed for the February 25, 2011 production reveals that those documents contain information subject to all the cited FOIA exemptions.

15. Historically, DHS Privacy has not been asked or required to access, process, or produce metadata in response to a FOIA request. Consequently, the production processes and infrastructure employed at DHS Privacy must be adapted to include the several or many additional steps DHS Privacy would need to take to meet metadata production requirements. DHS Privacy is not currently equipped with the information technology staff or additional FOIA staff necessary to prepare a response that includes metadata.

**JURAT CLAUSE**

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this 18th day of February, 2011.

Donna A. Lewis
Attorney Advisor
Office of the General Counsel
U.S. Department of Homeland Security