

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street, Third Floor
New York, New York 10007

March 2, 2011

*The Clerk of the Court is directed to docket this letter. A conference will be held on March 8th at 2:30 pm to address the issues raised therein.*

**SO ORDERED.**

/s/ Shira A. Scheindlin
USDJ
3/4/11

**BY HAND DELIVERY**
The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Nat'l Day Laborer Organizing Network, *et al.* v. ICE, *et al.*, 10 Civ. 3488 (SAS)

Dear Judge Scheindlin:

This Office represents the defendants (collectively, "defendants" or the "Government") in this Freedom of Information Act ("FOIA") action. We write respectfully in response to plaintiffs' letter dated February 28, 2011 ("Pl. Ltr."), annexed hereto as Exhibit A. Plaintiffs seek "more fulsome" declarations in connection with the Government's motion to stay the Court's February 7, 2011 and February 14, 2011 Orders (the "Orders") pending appeal, and an extension to permit their experts time to examine the revised declarations and produce a "comprehensive report" in response to the declarations. *See* Pl. Ltr. at 1. The Court has approved an agreed-upon revised briefing schedule whereby plaintiffs' opposition to the Government's motion is due on March 11, 2011, and the Government's reply is due on March 23, 2011. As discussed yesterday with plaintiffs' counsel and the Court's Law Clerk, however, the Government does not consent to plaintiffs' proposal that defendants submit supplemental declarations prior to the filing of plaintiffs' opposition. This letter sets forth the Government's reasons for not consenting to this proposal.

The matter now before this Court is simply the Government's motion for a stay pending appeal. The Acting Solicitor General of the United States has directed the filing of an appeal from this Court's Orders enjoining the Government to release materials to plaintiffs; the Government accordingly noticed its appeal from those orders; the Second Circuit now has jurisdiction over that appeal (No. 11-711); and the issue before this Court is merely whether a stay pending appeal is warranted. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal."). As the Government's opening stay brief explains, the Government will argue on appeal that, *inter alia*, the Orders constitute a grant of partial summary judgment, and, therefore, a full factual record should have been developed using summary judgment procedures to address whether, *inter alia*, the material ordered disclosed is "readily reproducible" under 5 U.S.C. 552(a)(3)(B). The Government attached declarations

illustrating the type of evidence it would have provided had this case proceeded to summary judgment. Those stay declarations, however, were compiled for the limited purpose of the stay motion, are only a preview of the Government's full submission that it would make if the case later proceeds to summary judgment, and—critically for present purposes—do not seek to litigate summary judgment. The stay motion argues that the fact-bound issues in this Court's Orders should have been decided on summary judgment, and that the Government's pending appeal therefore has a substantial likelihood of success based on this contention (as well as other purely legal issues). Even if plaintiffs were to be able to dispute issues reflected in the attached declarations, any such dispute merely would suggest, at the very best, that the parties might have a genuine issue of material fact if the case later proceeds to summary judgment. But such a showing would simply reinforce one of the central submissions of the stay motion, namely, that there is a substantial argument on appeal that summary-judgment procedures were necessary to litigate whether the materials were "readily reproducible" under FOIA.

Plaintiffs' request appears to contemplate that this case should now be treated as if summary judgment were at hand. *See* Pl. Ltr. at 2-3 (discussing merits issues to be addressed by plaintiffs' technical experts). But as noted above, this Court does not have the authority to proceed to summary judgment concerning the matters on appeal. And because the merits of the case cannot be adjudicated in the context of a stay motion, it would be improper to require the Government to supplement declarations supporting that motion. This Court should therefore reject plaintiffs' request for an order requiring the Government to submit more fulsome declarations in connection with its stay motion. Tellingly, plaintiffs cite no authority in the civil rules or otherwise supporting their request. To the extent that plaintiffs wish to challenge the Government's declarations (notwithstanding that, as explained above, doing so cannot assist them in this stay proceeding), the proper vehicle would be their stay-opposition papers. In fashioning its stay reply papers, the Government will consider any contentions that plaintiffs will have raised by that time. If the Government determines that reply declarations are appropriate, it will submit those declarations in the normal course.

Plaintiffs' request to delve into summary-judgment-like proceedings is improper given the discrete question now before the Court: Whether to grant a stay of its disclosure orders pending appeal. That question is straightforward. Stays pending appeal are routine in the FOIA context when the government seeks to appeal disclosure orders. *See, e.g., People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (explaining that, "in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal"; citing illustrative cases). Denying a stay and forcing the Government to disclose the very matters at issue will moot the Government's appeal and deprive it of its right to appellate review with respect to the materials at issue. *See John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (per curiam); *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). Moreover, this Court has noted the novel and unprecedented nature of its FOIA rulings in this case concerning metadata. That underscores the propriety of the Government's decision to exercise its right to appeal. Indeed, a stay is particularly appropriate here because

plaintiffs themselves indicate that extending the stay will only impact "future productions related to the Revised FOIA request." Pl. Ltr. at 1. Any such productions that might be ordered in the future would also be subject to separate appeals, and can in no way justify enforcing disclosure orders now that would moot the Government's pending appeal in this case. Plaintiffs' own submission thus belies any claim of substantial injury resulting from a stay pending appeal.[1]

The Government's stay motion explains its arguments in favor of a stay pending appeal in greater detail. Those arguments will not be restated here. A stay pending appeal is fully warranted to prevent the Government's pending FOIA appeal from being mooted through disclosure because the Government should be allowed to proceed to litigate its appeal before the Second Circuit. No factual submission that plaintiffs can supply in the context of this stay motion can alter the questions already on appeal before the Second Circuit. This case should thus be allowed to proceed on the normal course contemplated by the Federal Rules of Civil and Appellate Procedure.

The Government respectfully requests that the Court file this letter on the electronic docket of this case. Thank you for your consideration.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
CHRISTOPHER CONNOLLY
JOSEPH N. CORDARO
CHRISTOPHER B. HARWOOD
Assistant United States Attorneys
Telephone: (212) 637-2761/2745/2728
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

---

[1] Plaintiffs will continue to receive releases of records, as they did on February 25, 2011, and their letter makes clear that their review of those records has commenced despite the stay. Plaintiffs' suggestion that there has been a "failure to abide by this Court's [Orders]" on defendants' part (Pl. Br. at 1 n.1) is wrong. Although the Orders would have governed the February 25, 2011 production, the Court granted the Government an interim stay of the Orders prior to that production. That interim stay remains in effect.

cc: <u>By Electronic Mail</u>
    Anthony J. Diana (adiana@mayerbrown.com)
    Paula A. Tuffin (ptuffin@mayerbrown.com)
    Norman R. Cerullo (ncerullo@mayerbrown.com)
    Lisa R. Plush (lplush@mayerbrown.com)
    Jeremy D. Schildcrout (jschildcrout@mayerbrown.com)

    Bridget P. Kessler (bkessle1@yu.edu)
    Peter L. Markowitz (pmarkowi@yu.edu)

    Sunita Patel (spatel@ccrjustice.org)

# EXHIBIT A

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

Anthony J. Diana
Direct Tel +1 212 506 2542
Direct Fax +1 212 849 5842
adiana@mayerbrown.com

February 28, 2011

BY FAX

Hon. Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

Re:  *NDLON et al. v. ICE et al.*, No. 10 CV 3488 (SAS) (KNF)

Dear Judge Scheindlin:

      We write on behalf of all Plaintiffs in the referenced Freedom of Information Act ("FOIA") action to ask for Your Honor's assistance in obtaining more fulsome and comprehensive declarations ("Declarations") attached to the motion for a stay pending an appeal ("Stay Motion") from each of the Defendants in this FOIA action, and to request an extension of time to allow for our experts to examine the revised declarations so they can present a comprehensive report in response to such Declarations. Plaintiffs understand that any extension of time will delay the lifting of the interim stay, but as Plaintiffs noted previously, the RPL Production on February 25, 2011 has already been completed and Plaintiffs have already started their review.[1] Therefore, any impact of any lifting of the stay likely will be on future productions related to the Revised FOIA Request, this Court's decision on the Search Cut-Off Partial Summary Judgment Motion, and any other determinations concerning the adequacy of the Defendants' searches. Assuming that Defendants can provide supplemental declarations by Friday, March 4, 2011, Plaintiffs request that all the pending dates be pushed back one week (Plaintiffs' response then due March 9, Defendants' reply due March 15, and evidentiary hearing held on March 18).

      This Court noted at the hearing on February 23, 2011 that if Plaintiffs required more information from Defendants concerning their efforts and capabilities to search, collect, redact and produce records consistent with the Orders (information necessary for this Court to determine if the format of production for the requested documents was "readily reproducible"), that Plaintiffs should request more fulsome declarations rather than seek discovery. Plaintiffs now have had an opportunity to review the Declarations in detail, and to engage technical experts

---

[1] Plaintiffs will detail in the opposition to Defendants' motion for a stay pending appeal how parties interested in this case, including Plaintiffs, have been injured by Defendants' failure to abide by this Court's Opinion and Order dated February 7, 2011 and Supplemental Order dated February 14, 2011 (the "Orders"), and will further be injured if the Court decides to issue a stay pending appeal.

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia) and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Hon. Shira A. Scheindlin
February 28, 2011
Page 2

to assist the Plaintiffs, and this Court, in evaluating whether the format of production requested by Plaintiffs is reproducible by the Defendants, and whether Defendants have made reasonable efforts to maintain its records in forms or formats that are reproducible. Based upon this review, we request the following additional information in each of the Declarations:

- Defendants each describe the standard process and technology used in response to FOIA requests through the FOIA office of the respective agency, but do not provide sufficient detail regarding the technical aspects of this current process to evaluate those processes and available alternative processes using that technology/software. Plaintiffs request a more detailed description of the workflow process used.[2]

- Defendants note that other divisions or offices within the Defendants' agencies may have additional technology/software to support the processing, review and production of electronic documents. Plaintiffs request that each Defendant describe what technology/software (and the versions of such technology/software) is available to the Defendant agency (not limited to the FOIA office) that could be used to process, review, redact and prepare for production any documents from the agency.

- In order to determine what metadata was available for the electronic records requested, and thus what fields for the load file that may be available after processing, Plaintiffs request that Defendants describe, in general terms, the data sources for the records that were requested and collected, whether the metadata needed for the fields in the Orders were available prior to the processing described in the Declarations, and, if so, when such metadata was stripped from the electronic record.

- In order to properly evaluate whether the requested format of production is "readily reproducible", Plaintiffs request that the Defendants provide more detail as to how the data is collected, and to what extent, if any, the collection process preserves document structure and the requested metadata. Without this information, it is difficult to evaluate the technical options available that would maintain metadata and parent-child relationships.[3]

---

[2] For example, certain Defendants note that they can provide certain load files, but do not describe what fields the load files may contain or the compatibility with different versions of standard review platforms that may be produced from such available technology/software. Defendants also identify certain software that was used, such as Clearwell or Nuance, but do not indicate the versions of the software. And Defendants indicate that electronic records were converted to PDF or TIFF, but do not identify the method used for such conversion.

[3] While not relevant for the Stay Motion, which focuses on whether the documents requested were "readily reproducible" and not on the adequacy of the Defendants' searches, Plaintiffs noted in the Opposition to the Partial Summary Judgment Motion for Search Cut-Off that the declarations there were inadequate because they did not describe what specific data sources were searched, and when such searches occurred, nor were the methods used to conduct the search described with any detail. See Opp. Mem. Pp. 2, 11-14. Plaintiffs expect to request that Defendants provide adequate detail regarding the searches that they conducted at another time.

Mayer Brown LLP

Hon. Shira A. Scheindlin
February 28, 2011
Page 3

- Defendants describe certain technical issues they experienced in the effort to process and produce responsive records in accordance with the Orders, but do not provide all of the detail necessary to respond to their concerns. Plaintiffs request a detailed description of the primary technical obstacles to compliance with the Orders, including the identification of all metadata fields Defendants believe may implicate exempt information and the metadata fields Defendants believe they cannot reproduce.

Plaintiffs do note that the inadequacy of the Declarations submitted by Defendants undermines the argument that if such Declarations had been submitted to the Court prior to the Orders or in the course of a summary judgment motion, that Defendants would have been entitled to judgment in their favor or that these submissions would have materially impacted the Orders. Plaintiffs reserve all rights to make such argument on appeal even if such Declarations are supplemented.

Respectfully submitted,

*[signature]*

Anthony J. Diana

cc: Christopher Connolly and Joseph N. Cordaro, Assistant United States Attorneys,
Southern District of New York (*by e-mail*)
86 Chambers Street, 3rd Floor
New York, New York 10007
Christopher.Connolly@usdoj.gov
Joseph.Cordaro@usdoj.gov

Paula A. Tuffin, Norman R. Cerullo, Lisa R. Plush, Jeremy D. Schildcrout, Mayer Brown LLP (*by e-mail*)

Peter L. Markowitz, Bridget P. Kessler, Immigration Justice Clinic, Benjamin N. Cardozo School of Law (*by e-mail*)

Sunita Patel, Center for Constitutional Rights (*by e-mail*)