UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

NATIONAL DAY LABORER
ORGANIZING NETWORK, CENTER FOR
CONSTITUTIONAL RIGHTS, and
IMMIGRATION JUSTICE CLINIC OF THE
BENJAMIN N. CARDOZO SCHOOL OF
LAW,

        *Plaintiffs*,

vs.

UNITED STATES IMMIGRATION AND
CUSTOMER ENFORCEMENT AGENCY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, FEDERAL
BUREAU OF INVESTIGATION,
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW, and OFFICE OF LEGAL
COUNSEL,

        *Defendants*.

------------------------------------ X

**ECF CASE**

**10 CV 3488 (SAS)**



## STIPULATION AND ORDER

    WHEREAS, on April 27, 2010, National Day Laborer Organizing Network, Kathryn O. Greenberg Immigration Justice Clinic of the Benjamin N. Cardozo School of Law, and Center for Constitutional Rights (collectively "Plaintiffs") filed a complaint ("the Complaint"), seeking the release of certain documents by United States Immigration and Customs Enforcement ("ICE"), the United States Department of Homeland Security ("DHS"), the Federal Bureau of Investigation ("FBI"), the Executive Office for Immigration Review ("EOIR"), and the Office of Legal Counsel ("OLC") (collectively "Defendants"), pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA");

WHEREAS, the allegations in the Complaint concern, *inter alia*, Plaintiffs' FOIA requests dated February 3, 2010 (collectively, the "FOIA Request");

WHEREAS, on February 7, 2011, and February 14, 2011, the United States District Court for the Southern District of New York (the "Court") issued orders (the "Orders") regarding the form and format in which records responsive to the FOIA Request must be produced (Docket ## 41, 50);

WHEREAS, on February 21, 2011, Defendants filed a Notice of Appeal of the Orders to the United States Court of Appeals for the Second Circuit (Docket # 63) (the "Appeal");

WHEREAS, the parties have conferred and resolved their dispute regarding the form and format of future productions of records responsive to the FOIA Request;

WHEREAS, in light of the parties' resolution of their dispute regarding form and format of production, the Court has indicated that, upon dismissal of the Appeal, it intends to issue an order withdrawing the Orders (the "Order of Withdrawal"), and to enter this Stipulation and Order; and

WHEREAS, the parties have agreed to a dismiss the Appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure to permit the Court to enter the Order of Withdrawal and this Stipulation and Order, without prejudice to re-instatement of the Appeal if the Court does not enter the Order of Withdrawal and this Stipulation and Order;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that records responsive to the FOIA Request henceforth shall be produced as follows:

1. Any responsive, non-exempt records shall be produced in Portable Document Format ("PDF") files. Prior to production, Defendants shall apply Optical Character Recognition ("OCR") software to each PDF file in order to render them searchable.

2. All pages within each PDF file shall be consecutively Bates numbered.

3. All PDF files shall be named using the beginning Bates number of the document.

4. A .txt ("Text") file for each PDF file shall be produced, and each Text file shall be named using the beginning Bates number of the document. Text files shall be created using Adobe Acrobat or equivalent OCR software.

5. Defendants shall exercise best efforts to maintain existing parent-child relationships – for example, a "parent" email and accessible "child" attachments to that e-mail – and produce those documents such that the parent and its corresponding children appear as consecutive PDF files within a Bates range (for example: parent, child, child). No affirmative steps shall be taken to separate a parent from its corresponding children during processing of documents or release of documents.

6. Excel spreadsheets shall be produced in accordance with the foregoing paragraphs. Hidden rows and columns within an Excel spreadsheet must be exposed prior to converting the native (.xls) file to a PDF document. The parties agree to continue to negotiate in good faith concerning the production of a sample of Excel spreadsheets in native format, in instances where Plaintiffs identify individual spreadsheets warranting further review, and such spreadsheets contain no information exempt from production under FOIA.

7. E-mail records shall be produced in accordance with the foregoing paragraphs. Defendants need not conduct a search of each individual e-mail solely to ascertain whether that e-mail contains a blind carbon copy ("BCC"); however, upon discovery that an e-mail contains a visible BCC field, Defendants shall not take any affirmative steps to conceal that BCC field, except to redact that BCC field as exempt from production under FOIA. Any such redactions shall be clearly visible on the face of the produced PDF file.

8.  Defendants agree to provide Plaintiffs with information concerning the organization of documents within each production. FBI and ICE shall use best efforts to organize documents by topical areas, subject to further good faith discussions between the parties concerning the most efficient organization of productions.

9.  To the extent that electronic documents have been collected or are collected on a going-forward basis in an electronic format in connection with the Plaintiffs' FOIA Request, such documents shall continue to be preserved in an electronic format.

10.  The parties agree that the Court shall retain jurisdiction over any controversy or claim arising out of or relating to this Stipulation and Order.

11.  This stipulation is for settlement purposes only and applies solely to future productions in the above-captioned case. The stipulation not precedential with respect to any FOIA request or FOIA litigation. Entry by Defendants into this Stipulation shall not be construed as an admission or concession that the form and format of production specified herein is "readily reproducible," pursuant to 5 U.S.C. § 552(a)(3)(B), with respect to Plaintiffs' FOIA Request, or any other FOIA Request.

12.  This Stipulation contains the entire agreement between the parties, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of no force or effect.

13.  This stipulation may be executed in counterparts. Facsimile signatures shall constitute originals.

Dated: June 15, 2011
New York, New York

*(signature)*

BRIDGET P. KESSLER
PETER L. MARKOWITZ
Kathryn O. Greenberg Immigration
Justice Clinic
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
Tel: (212) 290-0213
Fax: (212) 790-0256

*Attorneys for NDLON and IJC*

*(signature)*

SUNITA PATEL
GITANJALI GUTIERREZ
Center for Constitutional Rights ("CCR")
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Attorneys for CCR and NDLON*

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: *(signature)*
JOSEPH N. CORDARO
CHRISTOPHER CONNOLLY
CHRISTOPHER B. HARWOOD
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2761 / 2745 / 2728
Fax: (212) 637-2786

_____
ANTHONY J. DIANA
THERESE CRAPARO
LISA R. PLUSH
JEREMY D. SCHILDCROUT
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 262-1910

*Attorneys for NDLON*

SO ORDERED:

Dated: New York, New York
       June 17, 2011

_____
HON. SHIRA A. SCHEINDLIN, U.S.D.J.