UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NATIONAL DAY LABORER
ORGANIZING NETWORK, CENTER FOR
CONSTITUTIONAL RIGHTS, and
IMMIGRATION JUSTICE CLINIC OF
THE BENJAMIN N. CARDOZO SCHOOL
OF LAW,

                Plaintiffs,

 - against -

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENCY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW,
FEDERAL BUREAU OF
INVESTIGATION, and OFFICE OF
LEGAL COUNSEL,

                Defendants.
------------------------------------------------------------X



**MEMORANDUM**
**OPINION AND ORDER**

10 Civ. 3488 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

On July 11, 2011, I issued an Opinion and Order granting in part and denying in part the parties' cross-motions for summary judgment on the Freedom of Information Act ("FOIA") exemptions applied to "opt-out records" produced to

1

plaintiffs on January 17, 2011.[1] On July 25, 2011, plaintiffs moved for partial reconsideration of that Opinion. Defendants have submitted their opposition to plaintiffs' motion, in which they have cross-moved for reconsideration. For the reasons below, plaintiffs' request is granted in its entirety and defendants' request is granted in part.

## II. BACKGROUND

Plaintiffs take issue with that portion of the Opinion in which I held that any documents post-dating January 27, 2010 and discussing the voluntary nature of state and local participation in Secure Communities were postdecisional and accordingly not covered by the deliberative process privilege.[2] Plaintiffs argue that I overlooked controlling data in the record in finding January 27, 2010 to be the date on which a clear and unambiguous statement of agency policy was made.[3]

In moving for summary judgment, plaintiffs had urged the Court to

---

[1] *See National Day Laborer Org. Network v. United States Immigration and Customs Enforcement* ("*NDLON*"), No. 11 Civ. 3488, 2011 WL 2693655 (July 11, 2011).

[2] *See id.* at *9.

[3] *See* Memorandum in Support of Plaintiffs' Motion for Partial Reconsideration of the Court's Opinion and Order of July 11, 2011 ("Pl. Recon. Mem.") at 7.

consider any documents dated later than January 2009 to be postdecisional.[4] In support, they cited twelve documents, only one of which plaintiffs believe that I considered in selecting the date of January 27, 2010.[5] Notably, plaintiffs did not submit any of those twelve documents to the Court. Plaintiffs provided a URL for one of the documents, which they referred to as "Secure Communities MOA Template."[6] When I located the document at that URL, however, it was undated.[7] Plaintiffs also cited a document that they referred to as "Secure Communities Frequently Asked Questions."[8] They provided a URL for that document as well, allowing me to locate it and to see that it was dated January 27, 2010,[9] the date I ultimately selected as the clear and unambiguous statement of agency policy.[10]

Finally, plaintiffs cited ten documents listed in a table entitled "Exemption 5 Deliberative Process Challenges," which was submitted with their

---

[4] *See* Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment ("Pl. Mem.") at 16, 19.

[5] *See* Pl. Recon. Mem. at 3 (citing Pl. Mem. at 6 n.8, 19).

[6] Pl. Mem. at 6 n.8.

[7] *See id.*

[8] *Id.*

[9] *See id.*

[10] *See NDLON*, 2011 WL 2693655, at *9.

summary judgment motion.[11] That table contained a list of defendants' withholdings that plaintiffs were challenging.[12] Because the table consisted of plaintiffs' challenges, it appeared to me that the ten documents had been cited in plaintiffs' brief as examples of documents that they urged the Court to consider postdecisional – not as documents to support a finding of January 2009 as the date of a clear statement of agency policy.

Furthermore, many of the document dates and descriptions in that table do not support the conclusion that the agency policy of voluntary participation was decided as early as January 2009. For example, one document is dated September 24, 2010 and described as "Mandatory versus Voluntary Memo from SC Director to the Assistant Secretary," while the withheld information is described as "[a] request for concurrence on proposed policy within SC and the supporting statutory support for those policies."[13] First, the date of the document does not support a finding that agency policy was clearly stated in January 2009. Second, the description suggests an undecided policy, and does not provide any

---

[11] *See* Pl. Mem. at 19 (citing "Horton Decl., Ex. C, #s 38, 42, 63, 64, 71, 169-73"); Exemption 5 Deliberative Process Challenges, Ex. C to Declaration of James Horton, Plaintiffs' Counsel [Docket No. 48].

[12] *See* Exemption 5 Deliberative Process Challenges.

[13] *Id.* [Document No. 38, ICE FOIA 10-2674.0011349-0011352].

indication of the moment at which the policy shifted from voluntary to mandatory participation.

Plaintiffs now argue that April 2, 2009 is, at minimum, the date on which the agency made a clear and unambiguous statement that Secure Communities was voluntary.[14] In support, they cite an April 28, 2011 letter from U.S. Representative Zoe Lofgren to DHS Acting Inspector General Charles Edwards and ICE Assistant Director Timothy Moynihan ("Lofgren Letter"), which plaintiffs previously attached to their June 2, 2011 letter to the Court, and which I cited in my July 11 Opinion and Order.[15] Plaintiffs highlight that the Lofgren Letter refers to an ICE response to a written question for the record made "over two years" before, in which the agency stated, "ICE does not require any entity to participate in the information sharing technology at the state or local level."[16] Although the Lofgren Letter does not specify the exact date of ICE's response, plaintiffs now indicate that it was submitted by ICE in connection with a House Appropriations Committee hearing on April 2, 2009.[17] Plaintiffs note further that

---

[14]  *See* Pl. Recon. Mem at 2.

[15]  *See NDLON*, 2011 WL 2693655, at *9 n.106.

[16]  Pl. Recon. Mem at 4 (quoting Lofgren Letter).

[17]  *See id.* at 5.

the written response was contained in a document produced in the instant case as ICE FOIA 102674.001832.[18] It bears noting, however, that the document was never submitted to the Court.

Defendants, naturally, oppose plaintiffs' motion, arguing primarily that plaintiffs cannot rely on documents cited in their summary judgment brief but not submitted to the Court – *i.e.*, the twelve documents originally cited – much less documents not cited in their brief or in their supplementary submissions to the Court – *i.e.*, "the record of a House Appropriations Committee hearing that is not in the record in this case."[19] Additionally, Defendants have turned their opposition brief into a cross-motion for reconsideration, urging this Court to amend its Order by "withdrawing any mention of bright-line dates and instead clarifying that the applicability of the deliberative process privilege must be determined on a document-by-document basis."[20] Defendants point out that despite the bright-line dates that I established,[21] "in analyzing the documents submitted to the Court for in

---

[18] *See id.* at 4.

[19] *See* Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Reconsideration of the Court's Opinion and Order Dated July 11, 2011 ("Def. Recon. Opp.") at 6.

[20] *See id.* at 10.

[21] In addition to holding that "any discussions of the voluntary nature of the program after January 27, 2010, when the agency publicly stated that it was

camera review, the Court denied summary judgment without prejudice to both parties with respect to numerous documents post-dating March 2010, and directed defendants to provide additional information concerning the role those documents played in the deliberative process."[22]

## II. APPLICABLE LAW

Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts ("Local Civil Rule 6.3") and are committed "'to the sound discretion of the district court.'"[23] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[24] A motion for reconsideration may also be granted to "'correct a clear error or prevent

---

voluntary" are postdecisional, I held that "any discussions of the mandatory nature of the program after March 2010, when there is evidence that ICE and the FBI discussed its mandatory nature with Washington, D.C. local law enforcement officials, are postdecisional." *NDLON*, 2011 WL 2693655, at *9.

[22] Def. Recon. Opp. at 9.

[23] *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)).

[24] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

manifest injustice.'"[25] The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[26] Local Civil Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[27] Courts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[28] A motion for reconsideration is not an "opportunity for making new

---

[25] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[26] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[27] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[28] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

arguments that could have been previously advanced,"[29] nor is it "'a substitute for appeal.'"[30]

## III. DISCUSSION

I have no doubt, based on all the submissions in the instant matter, that Secure Communities was presented to the public as voluntary for some period of time, perhaps from its inception in 2008, and subsequently presented as mandatory, and that the shift in the agency's public position represented a shift in policy. However, in the first instance, plaintiffs provided very little guidance to enable me to ascertain the date of that policy shift. To be sure, the January 27, 2010 date that I selected was a conservative choice, but I found no support in the record for the date of January 2009.

Nonetheless, I did not consider the reference in the April 28, 2011 Lofgren Letter to an agency statement made "over two years" earlier. Additionally, plaintiffs have now made clear that April 2, 2009 was the date of the House Appropriations Committee Hearing in connection with which ICE stated clearly that Secure Communities was voluntary. As a result, my selection of

---

[29] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[30] *Grand Crossing*, 2008 WL 4525400, at *4 (quoting *Morales v. Quintiles Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998)).

January 27, 2010 was clearly erroneous. Furthermore, there is great public interest attending the ever intensifying debate around Secure Communities, as well as a clear record that the relevant federal agencies have made it quite difficult to ferret out the details of their policies. I also acknowledge, as defendants have suggested, that a bright-line rule may not be appropriate in every instance. Accordingly, I amend my July 11, 2011 Opinion and Order to the extent of holding that any documents post-dating April 2, 2009 and discussing the voluntary nature of state and local participation in Secure Communities are presumptively postdecisional. Such documents are accordingly not covered by the deliberative process privilege, unless defendants can establish that the documents form part of the agencies' reconsideration of their policies.

## IV. CONCLUSION

Defendants are ordered to make any additional productions and/or to justify further withholdings consistent with this Order by August 29, 2011. The Clerk of the Court is directed to close this motion [Docket No. 102].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 8, 2011

10

## - Appearances -

**For Plaintiffs:**

Bridget Kessler, Esq.
Peter L. Markowitz, Esq.
Immigration Justice Clinic
Benjamin N. Cardozo School of Law
55 Fifth Ave., Rm 1154
New York, New York 10003
(212) 790-0213

Anthony J. Diana, Esq.
Lisa R. Plush, Esq.
Jeremy D. Schildcrout, Esq.
Mayer Brown LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

Sunita Patel, Esq.
Darius Charney, Esq.
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6439

**For Defendants:**

Joseph N. Cordaro
Christopher Connolly
Assistant U. S. Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10004
(212) 637-2745/2761