UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

NATIONAL DAY LABORER
ORGANIZING NETWORK, CENTER FOR
CONSTITUTIONAL RIGHTS, and
IMMIGRATION JUSTICE CLINIC OF
THE BENJAMIN N. CARDOZO SCHOOL
OF LAW,

                Plaintiffs,

    - against -

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENCY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW,
FEDERAL BUREAU OF
INVESTIGATION, and OFFICE OF
LEGAL COUNSEL,

                Defendants.

------------------------------------------------------X



**MEMORANDUM
OPINION AND ORDER**

10 Civ. 3488 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On October 24, 2011, I ordered the United States Immigration and

Customs Enforcement Agency ("ICE") to release a memorandum dated October 2,

2010 (the "October 2 Memorandum").[1] Plaintiffs sought production of that

document under the Freedom of Information Act ("FOIA") and I held that

---

[1] *See National Day Labor Org. Network v. United States Immigration and Customs Enforcement Agency ("NDLON")*, No. 10 Civ. 3488, 2011 WL 5056989 (S.D.N.Y. Oct. 24, 2011). Familiarity with that decision is assumed.

defendants had failed to establish that the Memorandum was exempt from disclosure. I ordered defendants to release it, with some redactions, by November 1, 2011.

Defendants then requested that I stay the disclosure order to give defendants time to consider an appeal. On October 28, I granted a stay until November 14.[2] On November 14, defendants filed an appeal with the Second Circuit and then sought a further stay pending the outcome of the appeal. On November 21, plaintiffs filed a motion to expedite the appeal, which the Second Circuit granted on November 30.[3]

In deciding whether to grant a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[4] ICE argues that if its motion for a stay were denied and it were required to produce the

---

[2] See Docket No. 146.

[3] See Order, *National Day Laborer Organizing Network v. United States Immigration and Customs Enforcement Agency*, No. 11 Civ. 4804 (Nov. 30, 2011) [Docket No. 37] ("Second Circuit Order").

[4] *Nken v. Holder*, 556 U.S. 418, ___, 129 S. Ct. 1749, 1761 (2009) (citation and quotation omitted).

2

Memorandum at issue, the document would enter the public record and its appeal would be moot.[5] Mooting of appellate rights, it argues, is irreparable harm. It points, among other cases, to *National Council of La Raza v. Department of Justice*, where the Second Circuit stayed the district court's order to disclose a document pursuant to FOIA pending appeal.[6]

Plaintiffs point out that a stay "is not a matter of right, even if irreparable injury might otherwise result,"[7] that the defendants have failed to show a likelihood of success on the merits, that the plaintiffs and the public will be harmed substantially by a further delay in the production of the Memorandum, and that the defendants will only be minimally harmed by a disclosure of the document.[8] In sum, plaintiffs argue that a proper balancing of the four factors favors rejecting defendants' motion.

The harm to plaintiffs and the public from a stay pending the appeal

---

[5] *See* Memorandum of Law in Support of Defendant United States Immigration and Customs Enforcement's Motion for a Stay Pending Appeal of the Court's October 24, 2011 Opinion and Order ("Def. Mem.") at 11.

[6] *See National Council of La Raza v. Dept. of Justice*, 411 F.3d 350, 355 n.3 (2d Cir. 2005).

[7] *Nken*, 129 S. Ct. at 1757.

[8] *See* Plaintiffs' Opposition to Defendant's Motion for Stay Pending Appellate Review of the Court's October 24, 2011 Opinion and Order ("Pl. Mem.").

3

has been mitigated because the Second Circuit granted plaintiffs' motion to expedite the appeal and ordered that it shall be heard as early as the week of February 12, 2012, subject to the approval of the presiding judge.[9] Because that harm has been minimized, and in order to preserve ICE's right to the appeal, defendants' motion is granted.

In my October 24 order, I held that the October 2 Memorandum was not exempt from production under FOIA based on the attorney-client privilege for two independent reasons: *First*, because defendants failed to establish that confidentiality of the document had been maintained, given the extensive evidence produced by the plaintiffs showing that the information in the Memorandum appeared in public documents and *second,* because ICE adopted the Memorandum as agency policy.

ICE argues that it meets the standard for obtaining a stay in part because on appeal it will be able to present a substantial case on the merits.[10] To support that argument, ICE takes issue with two aspects of my October 24 order, both relating to the first reason for my decision. Defendants' argument merits brief comment. I wrote that "ICE officials discussed the legal justification for making

---

[9]    *See* Second Circuit Order.

[10]   *See* Def. Mem. at 12.

4

Secure Communities mandatory with elected officials, immigrant advocates, and other law enforcement agencies at various times during 2010 and 2011."[11] For that proposition, I cited, together with several other documents, an email from the Washington D.C. Metropolitan Police Department that included a list of statutes and executive orders that ICE and the Federal Bureau of Investigation had said provided legal justification for making the Secure Communities program mandatory.[12] I mistakenly identified the date of that email as March 30, 2011 rather than March 30, 2010. I cited the email not for the proposition that the October 2 Memorandum had been shared with the D.C. Metropolitan Police Department, but simply for the more general point that the legal support for ICE's decision, which also appeared in the Memorandum, was shared outside of the agency. I wrote that

> ICE apparently sent the Washington D.C. Metropolitan Police Department a list of statutes and executive orders that provided legal justification for the policy shift, including section 534 of Title 28 of the United States Code and section 14616 of Title 42 of the United States Code, statutes that are discussed on pages four and six of the October 2 Memorandum.[13]

---

[11] *NDLON*, 2011 WL 5056989, at *7.

[12] *See id.* at *7 n.75.

[13] *Id.*

5

My typographical error does not affect that conclusion because the March 30, 2010 email provides evidence that the defendants publicly relied on the factual statements and legal justifications that were later included in the October 2 Memorandum.

Defendants also argue that I misinterpreted the second Declaration of Ryan Law, ICE's FOIA officer, dated August 23, 2011, which describes the agency's attempts to verify that the confidentiality of the October 2 Memorandum had been maintained. According to that declaration, only senders and recipients who were named on the face of a withheld document were asked whether they had disseminated it outside of the Department of Homeland Security and its component agencies. I understood Law's declaration to mean that ICE employees who had received the Memorandum by email and were not identified as a recipient of the Memorandum on the face of the Memorandum had not been queried about whether they kept it confidential. Defendants have now submitted a third declaration from Law explaining that because email recipients were named on the face of emails, they were queried about the confidentiality of both the 'parent' emails and the 'child' attachments to those emails (i.e., the Memorandum).[14] Plaintiffs object to the consideration of this third Law declaration because it is new evidence that

---

[14] *See* 11/14/11 Third Declaration of Ryan Law ("Third Law Decl.") ¶¶ 5-8; Def. Mem. at 21.

6

cannot be considered in a motion to reconsider or on appeal.[15] Plaintiffs also point out that, even if the new Law declaration is admitted and is given credence, it shows that at least one recipient of the Memorandum was not queried regarding the document's confidentiality, that no effort was made to determine if the document was circulated in hardcopy, and that nobody was queried about whether he or she distributed the Memorandum to individuals within the Department of Homeland Security who did not have authority to act or speak on behalf of ICE regarding Secure Communities.[16]

I based my order on the fact that plaintiffs had produced extensive evidence that the document's contents had been disclosed publicly:

> Nearly every component of the October 2 Memorandum appears in some public document or statement by the defendants. This includes nearly all of the factual background, specific references to and discussions of all of the statutes upon which the Memorandum relies, and even significant components of the legal discussion regarding the strengths and weaknesses of the agency's position.[17]

Given that evidence and the shortcomings of Law's declaration, I found that ICE had failed to carry its burden of showing that attorney-client confidentiality had not

---

[15] *See* Pl. Mem. at 12-13.

[16] *See id.* at 13.

[17] *NDLON*, 2011 WL 5056989, at *8.

been waived. Law's declaration was based on three degrees of hearsay: recipients of the Memorandum informed a point of contact in their departments, either orally or in writing, that they had maintained the document's confidentiality; that point of contact relayed the information to ICE's legal counsel; and the counsel then relayed the information to Law.[18] Although ICE's verification process may have been somewhat more thorough than I previously understood, I continue to believe that it was insufficient to carry the defendants' burden, given the extensive evidence brought forward by plaintiffs.

For the reasons stated above, defendants' motion for a stay of my October 24, 2011 Opinion and Order pending appeal is granted. The Clerk of the Court is directed to close this motion [Docket No. 150].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 7, 2011

---

[18] *See* Third Law Decl. ¶¶ 9-10.

8

- Appearances -

**For Plaintiffs:**

Sonia Lin, Esq.
Peter L. Markowitz, Esq.
Immigration Justice Clinic
Benjamin N. Cardozo School of Law
55 Fifth Ave., Rm 1154
New York, New York 10003
(212) 790-0213

Anthony J. Diana, Esq.
Therese Craparo, Esq.
Lisa R. Plush, Esq.
Jeremy D. Schildcrout, Esq.
Jarman D. Russell, Esq.
Bridget P. Kessler, Esq.
Mayer Brown LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

Sunita Patel, Esq.
Scott Paltrowitz, Esq.
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6439

**For Defendants:**

Joseph N. Cordaro
Christopher Connolly
Christopher B. Harwood
Assistant U.S. Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10004
(212) 637-2745/2761