# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL DAY LABORER ORGANIZING NETWORK, CENTER FOR CONSTITUTIONAL RIGHTS, and IMMIGRATION JUSTICE CLINIC OF THE BENJAMIN N. CARDOZO SCHOOL OF LAW,<br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and OFFICE OF LEGAL COUNSEL,<br>          Defendants. | No. 10 Civ. 3488 (SAS)(KNF)<br><br>**DECLARATION OF CRYSTAL RENE SOUZA** |

I, Crystal Rene Souza, depose and say as follows:

1. I am the Supervisory Freedom of Information Act (FOIA) Specialist for the Office of the General Counsel (OGC) at the U.S. Department of Justice, Executive Office for Immigration Review (EOIR). This declaration supplements and hereby incorporates my three prior declarations submitted in this case, and is being submitted in support of EOIR's motion for partial summary judgment on the adequacy of its search for opt-out and Rapid Production List records, i.e., the records produced in the above-captioned litigation between August 2010 and February 2011.

2. On or about February 12, 2010, EOIR received a FOIA request from the National Day Laborer Organizing Network, Center for Constitutional Rights, and Immigration Justice Clinic of the Benjamin N. Cardozo School of Law (collectively, the "Plaintiffs"). The

request sought a wide variety of records relating to an immigration enforcement initiative called "Secure Communities."

3. EOIR oversees the immigration court and immigration appeals processes. EOIR generally receives its cases directly from the Department of Homeland Security (DHS) enforcement personnel when the government is seeking the removal of aliens who are in the country without lawful status or who have committed some act, typically a criminal offense, that renders them removable. Enforcement strategies employed by DHS can create caseload increases for EOIR. Thus, EOIR is kept informed of DHS enforcement programs such as Secure Communities in order to plan for resources necessary to adjudicate its cases.

4. In response to Plaintiffs' FOIA request, the EOIR FOIA Service Center in consultation with the agency attorney assigned to Plaintiffs' FOIA request determined that most of the information plaintiffs requested would be in the possession of defendant agencies other than EOIR. Specifically, EOIR determined that most likely it would only have potentially responsive information to items in 1a, 1f, 2g and 5a(iii) of the request. Nevertheless, the FOIA Service Center sent the full request to the EOIR components most likely to have potentially responsive information and requested that they provide any potentially responsive information in their possession to the FOIA Service Center.

5. The FOIA Service Center identified the following EOIR components as potentially possessing responsive information: the Office of the Chief Immigration Judge (OCIJ); the Board of Immigration Appeals (BIA); the Office of Legislative and Public Affairs (OLPA); and the Office of the General Counsel (OGC). The FOIA Service Center determined that these components were the ones most likely to have responsive documents because the adjudicating components, OCIJ and BIA, were most likely to possess "Overview

Documents" as described in 1a, information on the relationship between Secure Communities and other ICE enforcement programs as requested in 1f, and Notice to Appear information as requested in 2g. OLPA or OGC were most likely to possess "Communications" as described in 5a(iii).

6. The EOIR FOIA Service Center also conferred with the Office of Planning, Analysis and Technology (OPAT) to determine that EOIR could not provide responsive information to item 3 of the Plaintiff's request seeking "Individual Records" that would be in an Immigration Court Record of Proceeding because the Case Access System for EOIR (CASE)[1] database does not contain any case identifier for the Secure Communities Program.

7. The FOIA Service Center determined that it was unlikely that the remaining components within EOIR, including the Office of the Director (OOD), the Administration Division, the Office of Management Programs (OMP)[2] and the Office of the Chief Administrative Hearing Officer (OCAHO), would possess responsive information since these components do not adjudicate immigration removal proceedings. The FOIA Service Center also did not send the request to the individual immigration courts located throughout the United States because the mission of the courts is case-by-case adjudication, which was not a subject of the request. Moreover, any information regarding Secure Communities possessed by the immigration courts would have been disseminated by OCIJ, which received the FOIA request.

8. On or about March 1, 2010, the EOIR FOIA Service Center submitted a search request to the FOIA points of contact (POC) for each of the identified components to search for all documents including correspondence and emails. The FOIA component POC identifies the

---

[1] CASE is EOIR's electronic database, which includes case information for immigration proceedings before the Immigration Court and BIA.

[2] OLPA, however, is a subcomponent of OMP, and, as stated in paragraph 5 above, it did receive the request because it was identified as likely to possess potentially responsive records.

individuals who are tasked with handling the subject matter of the FOIA request by working with management within the component. According to the POCs, the individuals tasked with conducting searches included: Assistant Chief Immigration Judges; Senior Legal Advisors; Assistant Directors; Deputy Assistant Directors; and the General and Deputy General Counsel. These individuals searched paper records, e-mails, and their computer records on shared drives located in each component. In accordance with standard FOIA practice, the potentially responsive records were gathered and provided in paper form to the FOIA Service Center.

9. On or about May 6, 2010, prior to EOIR providing Plaintiffs with a response to their request, EOIR received notice that Plaintiffs had filed the instant lawsuit regarding their FOIA request in the United States District Court for the Southern District of New York. Subsequently, through its attorneys at the U.S. Attorney's Office for the Southern District of New York, EOIR negotiated with Plaintiffs over the scope of their broad request.

10. During a conference held on December 9, 2010, and subsequently in a scheduling order dated December 17, 2010, this Court ordered the defendant agencies, including EOIR, to: (1) produce to plaintiffs, by January 17, 2011, "opt-out records," defined as "records relating to the ability of states or localities to decline or limit participation in Secure Communities, including documents, memoranda, manuals, and communications referencing the technological capacity of ICE and the FBI to honor requests to opt-out, opt-in, or limit participation in Secure Communities;" and (2) produce to plaintiffs, by February 25, 2011, all remaining records responsive to plaintiffs' "Rapid Production List" ("RPL"), which purported to identify certain types of records Plaintiffs sought on a priority basis. With respect to the opt-out records, the Court's order set a search cut-off date of October 15, 2010.

4

11. In response to the Court's order, EOIR used the paper documents initially provided by the components in response to plaintiffs' request as a whole to identify a list of forty-three key custodians, which included all named persons in the original documents. The FOIA Service Center determined that these individuals would be the most likely to possess records pertaining to Secure Communities including any responsive records to the opt-out issue and the RPL. These custodians were directed to refer the search request to additional parties if there was the possibility that others would possess potentially responsive documents. An additional nine employees ultimately provided documents to the FOIA Service Center. The fifty-two EOIR employees were located in the following components: OOD; OGC; BIA; OCIJ; OCAHO; the Administration Division; OMP; and OPAT. Included among the individuals who conducted searches were the former Director and the Acting Director and his staff; the General Counsel; the former Acting General Counsel; the Chief Immigration Judge; Assistant Chief Immigration Judges who were identified as participating in discussions regarding Secure Communities with DHS; the Chief Administrative Hearing Officer; Assistant Directors, and relevant staff in Administration, OGC, OMP, and OPAT.

12. The search request EOIR's agency counsel sent to custodians requested that each custodian conduct a search for records that were potentially responsive to the opt-out issue or the RPL using a search cut-off date of October 15, 2010. In addition, key custodians were instructed to search their paper files, the CASE database, individual email repositories tied to their personal computer accounts, and shared drives segregated by component. OPAT conducted searches of five key custodian accounts including email and stored files for individuals who had left the agency. The search instructions that were sent to the key custodians were accompanied by the original litigation hold notice issued in May 2010, which instructed

employees to preserve information including, but not limited to, the following: all documents, records, data, correspondence, notes, e-mails (including e-mails on a computer or personal digital assistant (PDA)), and other materials, whether official or unofficial, original or duplicates; spreadsheets, databases, calendars, voice messages, videos and/or photographs. Additionally, employees were advised to preserve the information in its original electronic form.

13. With respect to electronic files, the search included, but was not limited to, the following terms: Secure Communities; SC; SCI; Alternative to Removal; ADT; DHS Enforcement Initiatives; Opt-Out; Opting-Out; Mandate; Mandatory. Directions regarding the search advised the key custodians to include any other search term that they believed might identify potentially responsive records.

14. EOIR's Supervisory FOIA Specialist and agency counsel monitored responses through e-mail and the creation of an excel spreadsheet to ensure that each key custodian certified that they conducted the requested searches and provided the potentially responsive information to the FOIA Service Center.

15. Upon completion of their searches, the key custodians submitted all of the potentially responsive records they identified, including both hard copy and electronic records, to the EOIR FOIA Service Center. Several of the searches produced no records, but the custodians affirmed that they conducted a search and provided a no-record response. After reviewing the information collected, the EOIR FOIA Service Center determined that the bulk of the information consisted of e-mail messages that were nonresponsive to the Plaintiffs' request, including to the opt-out issue and the RPL. EOIR identified four responsive documents

(consisting of 27 pages) that were responsive to the opt-out production, which it produced to the Plaintiffs on January 17, 2011.

16. EOIR did not locate any responsive information from the Rapid Production List. This determination was made based on a page-by-page review by agency counsel of all of the collected information. Counsel sorted the electronic information into responsive and non-responsive material and then conducted a specific search for RPL documents.

17. EOIR properly identified key custodians and conducted a headquarters-wide search. In addition, by tracking responses to the request, EOIR adopted a process to ensure that searches were conducted by each of the key custodians. The search was conducted by each custodian based on a set list of terms and any additional terms likely to generate responsive information. This process was reasonably designed and ultimately identified responsive records.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Crystal Rene Souza
Supervisory FOIA Specialist
Executive Office for Immigration Review

January 12, 2012