UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...................................................................x
NATIONAL DAY LABORER ORGANIZING
NETWORK; CENTER FOR
CONSTITUTIONAL RIGHTS; and
IMMIGRATION JUSTICE CLINIC OF THE
BENJAMIN N. CARDOZO SCHOOL OF LAW,

               Plaintiffs,

  - against -                                    10 Civ. 3488 (SAS)
                                                    ECF Case

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENCY;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW;
FEDERAL BUREAU OF INVESTIGATION;
and OFFICE OF LEGAL COUNSEL,

               Defendants.
...................................................................x

## DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

    1.    I am a Special Counsel in the Office of Legal Counsel ("OLC") of the United States Department of Justice (the "Department") and a career member of the Senior Executive Service. I joined OLC in 1986, and since 1987 I have had the responsibility, among other things, of supervising OLC's responses to requests it receives under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The statements that follow are based on my personal knowledge, as well as on information provided to me by OLC attorneys and staff working under my direction, and by others with knowledge of the documents at issue in this case.

    2.    The principal function of OLC is to assist the Attorney General in his role as legal advisor to the President of the United States and to departments and agencies of the Executive

Branch. OLC provides advice and prepares opinions addressing a wide range of legal questions involving the operations of the Executive Branch.

3. OLC is a very small component of the Department of Justice, employing approximately twenty attorneys at any one time. Because of the office's small size, it is generally a straightforward matter for us to determine, in response to a FOIA request, whether the office has worked on a particular matter and thus whether it will have documents responsive to a particular request for information.

4. On or about February 16, 2010, OLC received a 21-page FOIA request from Bridget Kessler, Clinical Teaching Fellow, Cardozo School of Law, Immigration Justice Clinic, and Sunita Patel, Staff Attorney, Center for Constitutional Rights. The FOIA request sought information about the "Secure Communities" program of the United States Immigration and Customs Enforcement ("ICE"), a component of the United States Department of Homeland Security. On April 16, 2010, I sent a letter to Ms. Kessler and Ms. Patel, acknowledging receipt of the FOIA request and notifying them that their request for expedited processing had been denied by the Director of Public Affairs of the Department of Justice. See 28 C.F.R. § 16.5(d)(2).

5. OLC's substantive records are stored in two types of electronic systems: a shared central storage system for the office's final work product and the computer accounts of individual attorneys. The central storage system consists of documents in their original file format (e.g., Microsoft Office, WordPerfect, PDF) collected in folders, which are organized by date, on a shared network drive on the Department of Justice electronic file server. It is OLC's practice to save all final work product to this central storage system; accordingly, if OLC has provided any written advice or has memorialized any oral advice in writing, that advice should be accessible through this system. OLC uses a sophisticated search engine, called Isys Search Software

2

("Isys"), to perform keyword searches of this collection of final work product files. Isys searches the full text of documents (including PDF files) within this collection of final work product, as opposed to searching only document titles or e-mail subject lines. The keyword searches in Isys capture variations on the terms used without the need for wildcards or expanders.

      6.    On or about May 7, 2010, a paralegal employed at OLC used Isys to perform keyword searches of OLC's central storage system of all unclassified, final OLC advice. On or about November 8, 2010, a paralegal supplemented the May search by using Isys to perform the same keyword searches for documents generated in the period between May 7, 2010 and November 8, 2010. The keyword terms used in those searches are listed in Exhibit A, attached hereto. In performing these searches, the paralegal ran a separate search with each of the listed terms or phrases, without connectors joining the separate terms or phrases, and without a date restriction or other modification. OLC's paralegals use Isys on a regular basis and are experienced in running searches such as the ones conducted here. None of these searches yielded responsive documents.

      7.    Also in November 2010, two long-time career OLC attorneys, a career Deputy Assistant Attorney General and a career Special Counsel, who are generally aware of assignments of work at OLC, were asked whether the office had done any work relating to Secure Communities. The attorneys indicated that they were unfamiliar with Secure Communities and had no recollection of OLC's working on any issues relating to the program. This Deputy Assistant Attorney General, who was promoted to that position in April 2008, participates in front office meetings in which the status of work is discussed. If OLC were working on issues relating to Secure Communities, he likely would have been aware of that fact. Thus, the fact that OLC's searches for responsive documents in its central storage system yielded no documents responsive

to the FOIA request was consistent with their understanding that OLC had not worked on issues relating to Secure Communities at the time it conducted its searches in response to the FOIA request.

8. In addition, searches were conducted of the e-mails of departed users in December 2010 using the terms "secure communities" and "interoperability." "Departed users" refers to OLC attorneys who were no longer employed at OLC at the time the e-mail search was conducted. The e-mails of a majority of departed users (within recent years) are available on OLC's shared network drive on the Department of Justice electronic file server. Using the two search terms cited above, with no connectors and without date limitations, paralegals used the Microsoft Outlook program to search the e-mail files of all departed attorneys who had been employed at OLC between June 1, 2007 and October 15, 2010 and whose e-mail files were on OLC's shared network drive. E-mails were searched for a total of 25 departed attorneys. These attorneys held positions at all levels in the office, including the job titles of Principal Deputy Assistant Attorney General, Deputy Assistant Attorney General, Counsel, Senior Counsel, and Attorney-Adviser. No responsive documents were identified in these e-mail searches.

9. Finally, a general inquiry was sent to all OLC attorneys in January 2011 asking if they recalled having worked on issues relating to Secure Communities or issues relating to information-sharing agreements between ICE and state and local law enforcement agencies. A few attorneys in the office affirmatively stated that they had not done so; most attorneys did not respond. The only substantive response to this inquiry was that two Attorney-Advisers in the office who possessed a set of documents (which included e-mails) regarding litigation over Arizona's immigration statute responded that it was possible that that set of documents contained records responsive to this FOIA request. One of those two attorneys manually searched this set of

documents and located drafts and unsigned versions of the final declarations for two declarants: (1) the Declaration of David C. Palmatier, Unit Chief for the Law Enforcement Support Center at ICE; and (2) the Declaration of Daniel H. Ragsdale, Executive Associate Director for Management and Administration at ICE, which were prepared in anticipation of litigation. Final versions of these declarations were filed on July 7, 2010 in the United States District Court for the District of Arizona as Exhibits 3 and 4 to a Motion for Preliminary Injunction (Docket #27), in *United States of America v. State of Arizona*, Case No. 2:10-CV-01413-SRB. The second attorney's set of Arizona litigation documents was identical. That second set of documents was also manually searched, and the same responsive documents were located in that second set. It was confirmed at the time that a Deputy Assistant Attorney General in the office had an identical third set of the Arizona litigation documents.

10. In April 2011, OLC referred to ICE for processing two drafts and two copies of the unsigned final version of the declaration by David C. Palmatier, and it is my understanding that these records have been produced in part to the Plaintiffs and that portions of the draft declarations have been withheld pursuant to FOIA's statutory exemptions. On March 1, 2012, OLC referred to ICE for processing ten drafts of the declaration by Daniel H. Ragsdale.[1]

11. I believe that the searches conducted by OLC were reasonable and were well designed to identify any responsive records, including any records relating to the ability of states or localities to opt-out or limit their participation in Secure Communities. No such "opt-out"

---

[1] In helping me prepare this declaration, my office discovered that an error had occurred in OLC's April 2011 referral of responsive documents to ICE for processing: Only the drafts of the Palmatier declaration, and not the drafts of the Ragsdale declaration, were included in that referral. Thus, the statement made in paragraph 6 of my January 12, 2012 declaration filed in this case that both declarations had been referred to ICE was incorrect. Upon discovering the error, OLC has promptly referred the drafts of the Ragsdale declaration to ICE for processing.

5

records were identified, and, except for the aforementioned responsive records, no other responsive records were found during OLC's searches.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: March 2, 2012

_____
PAUL P. COLBORN

## Exhibit A

Search Terms Used for OLC's Search of Its Central Storage System of Final Work Product

Secure Communities
ICE
Detainer procedures
Overview documents
State and local agreements
Secure Community's inquiry and Response Procedures
287(g)
ICE Enforcement Procedures
Form I-247
Criminal Answer Required
CAR
Automated Immigration Alien Queries
IAQ
Immigrant Alien Responses
Form I-213
Form I-286
Form 862