IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL DAY LABORER ORGANIZING NETWORK, et al.,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY, et al.,

Defendants.

Civil Action No.10-cv-3488 (SAS)

**DECLARATION OF DENNIS J. ARGALL**

I, Dennis J. Argall, declare as follows:

(1) I currently serve as the Assistant Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Winchester, Virginia and, in the absence of RIDS Section Chief David M. Hardy, I serve as the Acting Section Chief of RIDS. I became the Assistant Section Chief on November 1, 2008. From August 18, 2008 until October 31, 2008, I was the Unit Chief of the Litigation Support Unit. I have been employed by the FBI since August 18, 2008. Prior to my joining the FBI, from July 11, 2005 until July 10, 2008, I was on active duty in the United States Navy and assigned to United States Fleet Forces Command, located in Norfolk, Virginia, as the Fleet Judge Advocate. In that capacity, I was responsible for reviewing all information being released under the Freedom of Information Act ("FOIA"). From August 17, 1983 to July 11, 2005, I served as an active duty Navy Judge Advocate at

various commands and routinely dealt with FOIA matters, including a tour from January 1987 to September 1988 with the Department of the Navy Litigation Office, where I was a litigation counsel for FOIA matters. I am also an attorney who has been licensed to practice law in the State of Wisconsin since 1983.

(2) In my official capacity as Acting Section Chief of RIDS, I supervise approximately 277 employees who staff a total of ten (10) FBIHQ units and two field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am aware of the FBI's search efforts undertaken in response to the FOIA request made by plaintiffs the National Day Laborer Organizing Network, the Center for Constitutional Rights, and the Immigration Justice Clinic of the Benjamin N. Cardozo School of Law (collectively "plaintiffs"), for records related to the immigration enforcement strategy of the U.S. Department of Homeland Security ("DHS")/U.S. Immigration and Customs Enforcement ("ICE") program referred to as "Secure Communities."

(4) The FBI submits this declaration in connection with its Memorandum in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment and in further support of its

Motion for Partial Summary Judgment relating to the adequacy of search challenges to the FBI's search for "Rapid Production List" ("RPL") and "Opt-Out" records.

(5) This declaration supplements, and hereby incorporates, the seven prior declarations submitted in this case by David M. Hardy.[1] The purpose of this declaration is to respond to specific issues raised by plaintiffs in their Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment pertaining to the adequacy of the FBI's searches for RPL and Opt-Out records.

**A. Plaintiffs' Challenge of the FBI's Offices/Divisions Searched**

(6) The FBI directed its search to all FBI offices and divisions it reasonably believed could posses records responsive to plaintiffs' original FOIA request and Opt-Out records for the relevant time period – January 1, 2007 through March 2, 2010 for the FOIA request (and by extension through the RPL as a subset of the original FOIA request); and February 4, 2010 through October 15, 2010 for Opt-Out records. Despite plaintiffs' speculation, the FBI had no reason to believe that anyone in the Director's office – including the Director, any Deputy Director, Associate Deputy Director, Chief of Staff or Senior Counsel – contained responsive RPL or Opt-Out records because the Interoperability Initiatives Unit ("IIU"), within the Criminal Justice

[1] See November 12, 2010 ["First"] Hardy Declaration (which explained the FBI's search for records responsive to plaintiffs' FOIA request); January 26, 2011 Second Hardy Declaration (which explained the search cut-off date which the FBI used); January 28, 2011 Third Hardy [Vaughn] Declaration (inadvertently dated January 28, 2010) (which justified the application of FOIA exemptions for the FBI's January 17, 2011 release); February 18, 2011 Fourth Hardy Declaration (which explained the FBI's technological limitations of FBI's FOIPA Document Processing System "FDPS" and why FBI was unable to comply with Court's February 7 and February 15, 2011 Orders); March 23, 2011 Fifth Hardy Declaration (which provided additional details concerning the technical aspects of the FBI's FOIA response and processing systems); January 12, 2012 Sixth Hardy Declaration (which provided explanation of the FBI's search efforts for RPL and "Opt-Out" records; and March 2, 2012 Seventh Hardy Declaration (which provided additional explanation of the FBI's search efforts for "RPL" and "Opt-Out" records).

Information Services Division ("CJIS") which is responsible for managing the FBI's involvement with the Secure Communities initiative had not interacted with the Director's office or its staff regarding Secure Communities during the time period in question. Likewise, there was no reasonable basis to believe that any employee of the FBI's Office of the General Counsel, including the General Counsel or any Deputy General Counsel, other than the IIU's OGC representative from the OGC Access Integrity Unit ("AIU"), had records responsive to the RPL or the Opt-Out issue because IIU dealt only with its AIU attorney during the relevant time periods.[2]

(7) With respect to the Science and Technology Branch, the FBI's Executive Assistant Director ("EAD"), and the Office of Law Enforcement Coordination ("OLEC"), plaintiffs' claim that this individual and office should have been searched are nothing more than speculation. The CJIS front office personnel who report to the EAD of the Science and Technology Branch did not have any records responsive to plaintiffs' requests. Thus it was reasonable to conclude that the EAD would not have had any records responsive to the original FOIA request, the RPL or the Opt-Out issue. Likewise, it was reasonable not to conduct a search of OLEC records given that CJIS does not work with OLEC (which deals with state and local law enforcement agencies directly). Again, the FBI's searches concentrated on those offices/divisions it reasonably determined would uncover all relevant documents.

**B. Allegedly Missing Information and Documents**

[2] Plaintiffs intimate that the AIU did not search for Opt-Out records, but that is inaccurate. From the time the IIU was formed in 2005, only one AIU attorney served as its counsel until March 2010. Since March 2010 to present, the IIU has been represented by a second AIU attorney. Both AIU attorneys searched their paper and electronic records for responsive Opt-Out records.

(8) Plaintiffs claim that the FBI failed to follow-up on "obvious" leads that Advisory Policy Board ("APB") records were missing from the production. However, as indicated in the Seventh Hardy Declaration, the Advisory Groups Management Unit ("AGMU") and the Designated Federal Officer who serves as the CJIS liaison with the APB both searched their records for material potentially responsive to plaintiffs' original FOIA request; and AGMU located potentially responsive material which RIDS subsequently reviewed and processed, and eventually released to plaintiffs. See Seventh Hardy Declaration ¶ 17. This search would have encompassed the August 2009 APB records which plaintiffs now contend are missing from the releases. Like the first search memorandum directed to CJIS's front office in connection with plaintiffs' original FOIA request, the search memorandum for Opt-Out records was also directed to CJIS as a whole. CJIS determined that IIU and AIU were the most likely units to have responsive records and personnel in both units conducted a thorough search for responsive records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of April, 2012.

DENNIS J. ARGALL
Assistant Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia