UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
NATIONAL DAY LABORER ORGANIZING
   NETWORK, et al.,

               Plaintiffs,

-v-

UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

               Defendants.
------------------------------------------------------------------------ x

Civil Action No. 10-CV-3488

**SUPPLEMENTAL DECLARATION OF RYAN LAW**

1. I am the Deputy FOIA Officer of the United States Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). I have held this position since May 9, 2010. Prior to this position, I was a Senior Paralegal Specialist and Paralegal Specialist within the ICE FOIA Office beginning in February 2007. Prior to my employment with ICE, I was a FOIA Specialist within the Transportation Security Administration's FOIA Office beginning in September 2005.

2. The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. The ICE FOIA Office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

3. As the Deputy FOIA Officer, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the processing of FOIA and Privacy Act requests received by ICE. In connection with my official duties, I am familiar with ICE's procedures for

responding to requests for information pursuant to provisions of FOIA and the Privacy Act. In that respect, I am familiar with ICE's handling of the FOIA request that the Center for Constitutional Rights ("CCR"), the National Day Laborer Organizing Network ("NDLON"), and the Immigration Justice Clinic of the Benjamin N. Cardozo Law School ("Cardozo"), the Plaintiffs in the above-captioned action, dated February 3, 2010, which the ICE FOIA Office assigned FOIA case number 2010FOIA2674.

4. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5. The purpose of this declaration is to describe ICE's search for, and production of, a former Deputy Director's (Al Pena) records, as they relate to the opt-out and RPL records.

6. When Plaintiffs' FOIA request was initially tasked throughout the agency, Mr. Pena was not identified as an individual who would have potentially responsive documents. That was because Mr. Pena served as Deputy Director for less than a year before he retired and left the agency in December of 2010. It appears that Mr. Pena was routinely copied on some email traffic pertaining to the Secure Communities program for his situational awareness, but had no substantive involvement with the program, as it was not a part of his portfolio of issues.

7. In their opposition to Defendants' motion for partial summary judgment on the adequacy of the searches for opt-out and RPL records, plaintiffs identified Mr. Pena as a custodian that they believed should have been searched. In response, out of an abundance of caution, and because ICE searched Mr. Pena's successor's records, ICE decided to search Mr. Pena's files, as described below.

8. ICE obtained a copy of Mr. Pena's PST files through October 15, 2010 from the journaling server and loaded those PST files into Clearwell for search and processing.

9. ICE applied two specific search strings to Mr. Pena's files taken from Plaintiffs' suggested search terms for the Final Production List (FPL) as they applied to opt-out and RPL records. The search strings were: **a)** (opt-in OR "opt in" OR opt-out OR "opt out" OR "opting out" OR "opting in") AND ("secure communities" OR "secure_communities" OR "scomm" OR "s-comm" OR sc OR circa OR scmpo; and **b)** racial AND profiling AND ("secure communities" OR "secure_communities" OR "scomm" OR "s-comm" OR sc OR circa OR scmpo).

10. Based on the subject matter of the RPL categories, ICE determined that the only RPL category for which Mr. Pena might reasonably be expected to possess documents was the query on racial profiling in relation to Secure Communities.

11. Mr. Pena's consolidated PST contained more than 320,000 documents.

12. The search strings were both run against the entire body of documents loaded from Mr. Pena's PST files.

13. The search strings returned 1,078 documents which were then de-duplicated against the documents already processed and produced in this case. A total of 760 documents remained after the de-duplication process.

14. In accordance with comments made by Plaintiffs during the course of the FPL negotiations, Plaintiffs had previously indicated that they were not interested in certain categories of documents or that certain categories of documents were of lower priority. One such category of document was ICE News Clips and ICE News briefings. These documents, which were generated under various titles including "ICE Clips", "ICE Close of Business Reports", and "ICE News Briefings" consisted of summaries of media reports complied by the Office of Public Affairs and the Office of Congressional Relations (collectively "news briefings").

15. Using Clearwell's filtering features; ICE agency counsel was able to identify 542 such media reports. These 542 documents were filtered out and placed aside. An additional 38 documents were filtered out based on commercial domain names such as "HiltonHonors.com" and other hotel reward programs.

16. ICE, via the United States Attorneys' Office, attempted to contact Plaintiffs by email to request Plaintiffs' concurrence with the agency's plan to set the news briefings aside based on Plaintiffs' earlier statements. Plaintiffs did not respond to the request for concurrence.

17. The remaining 190 documents were reviewed and processed. A total of 56 documents were determined to be at least partially responsive and were produced to Plaintiffs on May 11, 2012.

18. The responsive documents consisted mainly of emails on which Mr. Pena had been copied and which had, by and large, been previously produced to the Plaintiffs as they were gathered from other custodians. Some of the emails included attachments of draft documents in various stages of review. Agency counsel, who reviewed the documents, did not locate any documents that contained any substantive comments made by Mr. Pena regarding the Secure Communities program. To the best of agency counsel's knowledge, Mr. Pena did not initiate any discussions about Secure Communities or offer any commentary on the various draft documents.

19. Finally, ICE agency counsel conducted searches for additional electronic or hard-copy files from Mr. Pena, but to the best of counsel's knowledge, no such documents exist.

## JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this __18th__ day of May 2012.

_____
Ryan Law
Deputy FOIA Officer
Freedom of Information Act Office
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security